## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## ORLANDO DIVISION

ELVAN MOORE,

                                        Case No.:  6:16-cv-303-Orl-28GJK

                **Plaintiff,**

vs.

**DEPUTY RAMON OTERO (badge # 2514);**
**DEPUTY ANTHONY EGER (badge # 3314);**
**DEPUTY WILLIAM DUNN (badge # 3214); and**
**DEPUTY CHRISTOPHER CLUTTER (badge # 2212)**

                        **Defendants.**

_____/

## AMENDED COMPLAINT

COMES NOW, Plaintiff, ELVAN MOORE, (hereinafter "MOORE") by and through the undersigned attorney and sues Defendants, DEPUTY RAMON OTERO, (hereinafter "OTERO") in his individual capacity; DEPUTY ANTHONY EGER, (hereinafter "EGER") in his individual capacity; DEPUTY WILLIAM DUNN (hereinafter "DUNN") in his individual capacity; and DEPUTY CHRISTOPHER CLUTTER, (hereinafter "CLUTTER"); in his individual capacity for damages and alleges the following:

1. This is an action for money damages for the injuries suffered by Plaintiff, as a result of Defendants' conduct in violation of Plaintiff's civil rights under the United States Constitution, and the Florida Constitution, and the laws of the great state of Florida.

2. Jurisdiction is conferred by 28 U.S.C. §1331, to decide cases presenting a question arising under the Constitution and the laws of the United States, and by 8 U.S.C. §1343(a)(3) and (4), to redress the deprivation, under color of law, of any right, privilege or immunity secured by the United States Constitution.

3. Venue is appropriate because the events giving rise to this complaint occurred or originated in Seminole County, Florida.

4. Defendants showed deliberate indifference towards the civil and constitutional rights of Plaintiff by entering and searching the home of MOORE without warrant.

5. This is an action brought pursuant to 42 U.S.C. §1983, which provides:

> Every person who, under color of any statute, ordinance, regulation, custom or usage of any State or Territory ....subjects or causes to be subjected any citizen of the United States or others person within the jurisdiction thereof to the deprivation of any rights, privileges or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity or other proper proceeding for redress.

6. Pursuant to *§ 768.28(6)(a), Florida Statutes*, Plaintiff has notified Defendants of all Plaintiff's claims six months or more prior to the filing of this action and said claims were not resolved. Plaintiff has fully complied with *§ 768.28(6)(a)*, including providing notice and service, if applicable, to the Florida Department of Financial Services.

7. All conditions precedent to the filing of this action has occurred, accrued, or have been waived as a matter of law.

## PARTIES

8. Plaintiff was and is a resident of Seminole County, Florida at all relevant times mentioned in the Complaint.

9. Defendant OTERO is a law enforcement officer. Defendant OTERO is being sued in his individual capacity.

10. Defendant EGER is a law enforcement officer. Defendant EGER is being sued in his individual capacity.

11. Defendant DUNN is a law enforcement officer. Defendant DUNN is being sued in his individual capacity.

12. Defendant CLUTTER is a law enforcement officer.  Defendant CLUTTER is being sued in his individual capacity.

## FACTS COMMON TO ALL COUNTS

13. On January 26, 2012, Defendants unlawfully entered and searched the residence of MOORE, located at 931 Market Promenade Blvd., Lake Mary, Florida 32746.

14. Prior to the arrival of the Defendants, MOORE had six (6) guests in is residence and had just come from a nearby restaurant called "Pint".

15. A co-worker of MOORE, "Lauren" was one of the guests. "Lauren" was involved in a romantic relationship with EGER.  "Lauren" had been a guest in MOORE'S residence for approximately 30 minutes when she abruptly stated that she had to leave because she had to work the following morning.

16. Approximately five (5) minutes after "Lauren's" departure, three (3) Seminole County Sheriff's vehicles pulled into the entry of MOORE'S residence.  Two other Seminole County Sheriff's vehicles parked at opposite ends of the thoroughfare.

17. OTERO then knocked on the door of MOORE'S residence. When MOORE arrived at the door, he was asked for his identification and MOORE inquired if there was a problem and was told by OTERO that there was a report that a man was beating up a woman on a balcony. MOORE indicated to OTERO that this was not true and explained that he had some co-workers and other guests at his residence and that was it.  MOORE was again asked for his identification. MOORE went upstairs to attempt to obtain his identification and was not able to find it.  When MOORE returned to the front door, EDGAR, OTERO, DUNN and CLUTTER were standing at the front door of MOORE'S residence.

18. OTERO then declared that they were going to come into MOORE'S residence.  MOORE asked if they had a warrant and was told "no, I don't have a warrant but I am coming in anyway".  MOORE asked OTERO if he had witnessed a crime and the response was "no".

19. MOORE told all of the Defendants that they were not invited or otherwise allowed to come into his residence under any circumstance.

20. EGER then made a beeline through the front door accompanied by OTERO and searched the residence of MOORE. CLUTTER AND DUNN stepped inside the residence while OTERO and EDGER searched the residence.

21. After searching the residence and not finding "Lauren", Defendants left the residence.

22. Defendants were not in possession of a search warrant for the residence or an arrest warrant for any person located inside the residence when they entered into the residence of MOORE.

23. No exigent circumstances, or any other warrant requirement exception, were present which would have allowed Defendants to enter the residence without a warrant.

24. At no time did MOORE give consent to allow the Defendants to enter or search his residence.

25. Defendants were not performing a discretionary duty but were acting under color of law as police officers who do have the lawful authority to investigate potential crimes in that all were in uniform, announced themselves as law enforcement and stated their authority to take said actions based upon their role as law enforcement.

26. At the time Defendants initiated the subject encounter with Plaintiff:

    a. Defendants did not have a reasonable articulable suspicion that Plaintiff was engaged in criminal activity;
    b. Defendants did not possess a warrant to arrest Plaintiff;
    c. Defendants did not possess a search warrant regarding the subject premises; and
    d. Defendants did not have probable cause to enter or search the residence of MOORE.

27. Defendants committed the following constitutional violations:

    a. Entry into and unlawfully searched the residence of MOORE in violation of Moore's Fourth Amendment Rights to the United States Constitution;
    b. Trespass by illegally entering onto the property and into the residence of MOORE;
    c. Invasion of Privacy to MOORE; and
    d. Intentional infliction of emotional distress to MOORE.

28. Counsel for Plaintiffs sent a Notice of Intent to the Seminole County Sheriffs Office and the Department of Financial Services on March 13, 2012.

## STATE LAW CLAIMS

### COUNT I
### INVASION OF PRIVACY
(AGAINST OTERO)

29. MOORE re-alleges and incorporates herein by reference the allegations set forth in paragraphs 1 through 28 of this Complaint.

30. On JANUARY 26, 2012, OTERO intentionally with malice and bad faith invaded MOORE'S privacy in violation of state law, which prohibits invasion of privacy, by (1) entering onto the private property of MOORE, without a warrant or reasonable suspicion of criminal activity, (2) conducting an unlawful seizure and search of the property of MOORE, and (3) intentionally effectuating an unlawful seizure of the property without any probable cause.

31. OTERO knew or should have known that there was no probable cause to support the entry onto and seizure of the property because OTERO did not have a warrant, exigent circumstance, or permission from MOORE to support the search and seizure of the property.

32. OTERO entered MOORE'S property to see if EGER'S girlfriend was inside of MOORE'S home.

33. The *Florida Constitution, Art. I, § 12* provides that:

> The right of the people to be secure in their persons, houses, papers and effects against unreasonable searches and seizures, and against the unreasonable interception of private communications by any means, shall not be violated. No warrant shall be issued except upon probable cause, supported by affidavit, particularly describing the place or places to be searched, the person or persons, thing or things to be seized, the communication to be intercepted, and the nature of evidence to be obtained. This right shall be construed in conformity with the *4th Amendment to the United States Constitution*, as interpreted by the United States Supreme Court. Articles or information obtained in violation of this right shall not be admissible in evidence if such articles or information would be inadmissible under decisions of the United States Supreme Court construing the *4th Amendment to the United States Constitution*

34. OTERO violated the *Florida Constitution, Art. I, § 12*.

35. As a direct and proximate result of the actions by OTERO the Plaintiff suffered and will continue to suffer in the future, damage to his reputation, mental pain and suffering, embarrassment, humiliation, deprivation of liberty and property, disgrace, and injury to his good name.

    **WHEREFORE**, MOORE demands judgment for damages against OTERO, exemplary damages, cost of this action, and such other and further relief as the Court deems appropriate.

## COUNT II
## INVASION OF PRIVACY
(AGAINST EGER)

36. MOORE re-alleges and incorporates herein by reference the allegations set forth in paragraphs 1 through 28 of this Complaint.

37. On JANUARY 26, 2012, EGER intentionally with malice and bad faith invaded MOORE'S privacy in violation of state law, which prohibits invasion of privacy, by (1) entering onto the private property of MOORE, without a warrant or reasonable suspicion of criminal activity, (2) conducting an unlawful seizure and search of the property of MOORE, and (3) intentionally effectuating an unlawful seizure of the property without any probable cause.

38. EGER knew or should have known that there was no probable cause to support the entry onto and seizure of the property because EGER did not have a warrant, exigent circumstance, or permission from MOORE to support the search and seizure of the property.

39. EGER entered MOORE's property for the sole purpose of conducting an illegal search because he was told his girlfriend Lauren was at the property with Mr. Moore.

40. The *Florida Constitution, Art. I, § 12* provides that:

    The right of the people to be secure in their persons, houses, papers and effects against unreasonable searches and seizures, and against the unreasonable interception of private communications by any means, shall not be violated. No warrant shall be issued except

upon probable cause, supported by affidavit, particularly describing the place or places to be searched, the person or persons, thing or things to be seized, the communication to be intercepted, and the nature of evidence to be obtained. This right shall be construed in conformity with the *4th Amendment to the United States Constitution*, as interpreted by the United States Supreme Court. Articles or information obtained in violation of this right shall not be admissible in evidence if such articles or information would be inadmissible under decisions of the United States Supreme Court construing the *4th Amendment to the United States Constitution*

41. EGER violated the *Florida Constitution, Art. I, § 12*.

42. As a direct and proximate result of the actions by EGER the Plaintiff suffered and will continue to suffer in the future, damage to his reputation, mental pain and suffering, embarrassment, humiliation, deprivation of liberty and property, disgrace, and injury to his good name.

**WHEREFORE**, MOORE demands judgment for damages against EGER, exemplary damages, cost of this action, and such other and further relief as the Court deems appropriate.

**COUNT III**
**INVASION OF PRIVACY**
(AGAINST DUNN)

43. MOORE re-alleges and incorporates herein by reference the allegations set forth in paragraphs 1 through 28 of this Complaint.

44. On JANUARY 26, 2012, DUNN intentionally with malice and bad faith invaded MOORE'S privacy in violation of state law, which prohibits invasion of privacy, by (1) entering onto the private property of MOORE, without a warrant or reasonable suspicion of criminal activity, (2) conducting an unlawful seizure and search of the property of MOORE, and (3) intentionally effectuating an unlawful seizure of the property without any probable cause.

45. DUNN knew or should have known that there was no probable cause to support the entry onto and seizure of the property because DUNN did not have a warrant, exigent circumstance, or permission from MOORE to support the search and seizure of the property.

46. DUNN entered MOORE'S property to see if EGER'S girlfriend was inside of MOORE'S home.

47. The ***Florida Constitution, Art. I, § 12*** provides that:

> The right of the people to be secure in their persons, houses, papers and effects against unreasonable searches and seizures, and against the unreasonable interception of private communications by any means, shall not be violated. No warrant shall be issued except upon probable cause, supported by affidavit, particularly describing the place or places to be searched, the person or persons, thing or things to be seized, the communication to be intercepted, and the nature of evidence to be obtained. This right shall be construed in conformity with the ***4th Amendment to the United States Constitution***, as interpreted by the United States Supreme Court. Articles or information obtained in violation of this right shall not be admissible in evidence if such articles or information would be inadmissible under decisions of the United States Supreme Court construing the ***4th Amendment to the United States Constitution***

48. DUNN violated the ***Florida Constitution, Art. I, § 12***.

49. As a direct and proximate result of the actions by DUNN the Plaintiff suffered and will continue to suffer in the future, damage to his reputation, mental pain and suffering, embarrassment, humiliation, deprivation of liberty and property, disgrace, and injury to his good name.

   **WHEREFORE**, MOORE demands judgment for damages against DUNN, exemplary damages, cost of this action, and such other and further relief as the Court deems appropriate.

## <u>COUNT IV</u>
## <u>INVASION OF PRIVACY</u>
### (AGAINST CLUTTER)

50. MOORE re-alleges and incorporates herein by reference the allegations set forth in paragraphs 1 through 28 of this Complaint.

51. On JANUARY 26, 2012, CLUTTER intentionally with malice and bad faith invaded MOORE'S privacy in violation of state law, which prohibits invasion of privacy, by (1) entering onto the private property of MOORE, without a warrant or reasonable suspicion of criminal activity, (2) conducting an unlawful seizure and search of the property of MOORE, and (3) intentionally effectuating an unlawful seizure of the property without any probable cause.

52. CLUTTER knew or should have known that there was no probable cause to support the entry onto and seizure of the property because CLUTTER did not have a warrant, exigent circumstance, or permission from MOORE to support the search and seizure of the property.

53. CLUTTER entered MOORE'S property to see if EGER'S girlfriend was inside of MOORE'S home.

54. The ***Florida Constitution, Art. I, § 12*** provides that:

> The right of the people to be secure in their persons, houses, papers and effects against unreasonable searches and seizures, and against the unreasonable interception of private communications by any means, shall not be violated. No warrant shall be issued except upon probable cause, supported by affidavit, particularly describing the place or places to be searched, the person or persons, thing or things to be seized, the communication to be intercepted, and the nature of evidence to be obtained. This right shall be construed in conformity with the ***4th Amendment to the United States Constitution***, as interpreted by the United States Supreme Court. Articles or information obtained in violation of this right shall not be admissible in evidence if such articles or information would be inadmissible under decisions of the United States Supreme Court construing the ***4th Amendment to the United States Constitution***

55. CLUTTER violated the ***Florida Constitution, Art. I, § 12***.

56. As a direct and proximate result of the actions by CLUTTER the Plaintiff suffered and will continue to suffer in the future, damage to his reputation, mental pain and suffering, embarrassment, humiliation, deprivation of liberty and property, disgrace, and injury to his good name.

   **WHEREFORE**, MOORE demands judgment for damages against CLUTTER, exemplary damages, cost of this action, and such other and further relief as the Court deems appropriate.

<u>**COUNT V**</u>
<u>**TRESPASS**</u>
(AGAINST OTERO)

57. MOORE re-alleges and incorporates herein by reference the allegations set forth in paragraphs 1 through 28 of this Complaint.

58. On JANUARY 26, 2012, OTERO willfully entered into the residence of MOORE.

59. OTERO was not authorized, licensed or invited to enter onto into MOORE'S residence.

60. OTERO had notice he was not authorized to enter MOORE'S residence, in part but not limited to the fact that MOORE specifically told OTERO he was not allowed to enter into his residence.

61. MOORE did not provide consent, permission or authorization to OTERO to enter into the residence.

62. OTERO committed a trespass by entering into MOORE'S residence without MOORE'S permission.

63. As a direct and proximate result of the actions by OTERO the Plaintiff suffered and will continue to suffer in the future, damage to his reputation, mental pain and suffering, embarrassment, humiliation, deprivation of liberty and property, disgrace, and injury to his good name.

**WHEREFORE**, MOORE demands judgment for damages against OTERO exemplary damages, cost of this action, and such other and further relief as the Court deems appropriate.

<u>**COUNT VI**</u>
<u>**TRESPASS**</u>
(AGAINST EGER)

64. MOORE re-alleges and incorporates herein by reference the allegations set forth in paragraphs 1 through 28 of this Complaint.

65. On JANUARY 26, 2012, EGER willfully entered into the residence of MOORE.

66. EGER was not authorized, licensed or invited to enter onto into MOORE'S residence.

67. EGER had notice he was not authorized to enter MOORE'S residence, in part but not limited to the fact that MOORE specifically told EGER he was not allowed to enter into his residence.

68. MOORE did not provide consent, permission or authorization to EGER to enter into the residence.

69. EGER committed a trespass by entering into MOORE'S residence without MOORE'S permission.

70. As a direct and proximate result of the actions by EGER the Plaintiff suffered and will continue to suffer in the future, damage to his reputation, mental pain and suffering, embarrassment, humiliation, deprivation of liberty and property, disgrace, and injury to his good name.

**WHEREFORE**, MOORE demands judgment for damages against EGER exemplary damages, cost of this action, and such other and further relief as the Court deems appropriate.

**COUNT VII**
**TRESPASS**
(AGAINST DUNN)

71. MOORE re-alleges and incorporates herein by reference the allegations set forth in paragraphs 1 through 28 of this Complaint.

72. On JANUARY 26, 2012, DUNN willfully entered into the residence of MOORE.

73. DUNN was not authorized, licensed or invited to enter onto into MOORE'S residence.

74. DUNN had notice he was not authorized to enter MOORE'S residence, in part but not limited to the fact that MOORE specifically told DUNN he was not allowed to enter into his residence.

75. MOORE did not provide consent, permission or authorization to DUNN to enter into the residence.

76. DUNN committed a trespass by entering into MOORE'S residence without MOORE'S permission.

77. As a direct and proximate result of the actions by DUNN the Plaintiff suffered and will continue to suffer in the future, damage to his reputation, mental pain and suffering, embarrassment, humiliation, deprivation of liberty and property, disgrace, and injury to his good name.

**WHEREFORE**, MOORE demands judgment for damages against DUNN exemplary damages, cost of this action, and such other and further relief as the Court deems appropriate.

## COUNT VIII
## TRESPASS
### (AGAINST CLUTTER)

78. MOORE re-alleges and incorporates herein by reference the allegations set forth in paragraphs 1 through 28 of this Complaint.

79. On JANUARY 26, 2012, CLUTTER willfully entered into the residence of MOORE.

80. CLUTTER was not authorized, licensed or invited to enter onto into MOORE'S residence.

81. CLUTTER had notice he was not authorized to enter MOORE'S residence, in part but not limited to the fact that MOORE specifically told CLUTTER he was not allowed to enter into his residence.

82. MOORE did not provide consent, permission or authorization to CLUTTER to enter into the residence.

83. CLUTTER committed a trespass by entering into MOORE'S residence without MOORE'S permission.

84. As a direct and proximate result of the actions by CLUTTER the Plaintiff suffered and will continue to suffer in the future, damage to his reputation, mental pain and suffering, embarrassment, humiliation, deprivation of liberty and property, disgrace, and injury to his good name.

**WHEREFORE**, MOORE demands judgment for damages against CLUTTER exemplary damages, cost of this action, and such other and further relief as the Court deems appropriate.

## COUNT IX
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS
### (AGAINST OTERO)

85. MOORE re-alleges and incorporates herein by reference the allegations set forth in paragraphs 1 through 28 of this Complaint.

86. On JANUARY 26, 2012, OTERO willfully and unlawfully entered into the residence of MOORE.

87. OTERO was not authorized, licensed or invited to enter onto into MOORE'S residence.

88. OTERO had notice that they were not authorized to enter MOORE'S residence, in part but not limited to the fact that MOORE specifically told OTERO he was not allowed to enter into his residence.

89. MOORE did not provide consent, permission or authorization to OTERO to enter into his residence.

90. OTERO'S conduct was intentional, reckless, and outrageous in that he intended his actions and knew that his actions would likely cause the Plaintiff emotional distress.

91. OTERO entered MOORE'S property to see if EGER'S girlfriend was inside of MOORE'S home.

92. OTERO'S abuse of authority as a police officer and intimidation used to enter MOORE'S home is outrageous.

93. OTERO'S conduct of entering into and searching the residence of MOORE was outrageous, beyond all bounds of decency, atrocious and utterly intolerable in a civilized community in which law enforcement officers are to protect and serve and not abuse their power for personal gain.

94. The conduct of OTERO caused emotional distress to MOORE.

95. As a direct and proximate result of the actions by OTERO the Plaintiff suffered and will continue to suffer in the future, damage to his reputation, mental pain and suffering, embarrassment, humiliation, disgrace, and injury to his good name.

**WHEREFORE**, MOORE demands judgment for damages against OTERO and DOES I-IV exemplary damages, cost of this action, and such other and further relief as the Court deems appropriate.

**COUNT X**
**INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS**
(AGAINST EGER)

96.  MOORE re-alleges and incorporates herein by reference the allegations set forth in paragraphs 1 through 28 of this Complaint.

97. On JANUARY 26, 2012, EGER willfully and unlawfully entered into the residence of MOORE.

98. EGER was not authorized, licensed or invited to enter onto into MOORE'S residence.

99. EGER had notice that they were not authorized to enter MOORE'S residence, in part but not limited to the fact that MOORE specifically told EGER he was not allowed to enter into his residence.

100.    MOORE did not provide consent, permission or authorization to EGER to enter into his residence.

101.    EGER'S conduct was intentional, reckless, and outrageous in that he intended his actions and knew that his actions would likely cause the Plaintiff emotional distress.

102.     EGER entered MOORE'S property to see if his girlfriend Lauren was inside of MOORE'S home

103.     EGER'S abuse of authority as a police officer and intimidation used to enter MOORE'S home is outrageous.

104.    EGER'S conduct of entering into and searching the residence of MOORE was outrageous, beyond all bounds of decency, atrocious and utterly intolerable in a civilized community in

which law enforcement officers are to protect and serve and not abuse their power for personal gain.

105.    The conduct of EGER caused emotional distress to MOORE.

106.    As a direct and proximate result of the actions by EGER the Plaintiff suffered and will continue to suffer in the future, damage to his reputation, mental pain and suffering, embarrassment, humiliation, disgrace, and injury to his good name.

**WHEREFORE**, MOORE demands judgment for damages against EGER exemplary damages, cost of this action, and such other and further relief as the Court deems appropriate.

<u>COUNT XI</u>
<u>INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS</u>
(AGAINST DUNN)

107.    MOORE re-alleges and incorporates herein by reference the allegations set forth in paragraphs 1 through 28 of this Complaint.

108.    On JANUARY 26, 2012, DUNN willfully and unlawfully entered into the residence of MOORE.

109.    DUNN was not authorized, licensed or invited to enter onto into MOORE'S residence.

110.    DUNN had notice that they were not authorized to enter MOORE'S residence, in part but not limited to the fact that MOORE specifically told DUNN he was not allowed to enter into his residence.

111.    MOORE did not provide consent, permission or authorization to DUNN to enter into his residence.

112.    DUNN'S conduct was intentional, reckless, and outrageous in that he intended his actions and knew that his actions would likely cause the Plaintiff emotional distress.

113.    DUNN entered MOORE'S property to see if EGER'S girlfriend was inside of MOORE'S home.

114.    DUNN'S abuse of authority as a police officer and intimidation used to enter MOORE'S home is outrageous.

115.    DUNN'S conduct of entering into and searching the residence of MOORE was outrageous, beyond all bounds of decency, atrocious and utterly intolerable in a civilized community in which law enforcement officers are to protect and serve and not abuse their power for personal gain.

116.    The conduct of DUNN caused emotional distress to MOORE.

117.    As a direct and proximate result of the actions by DUNN the Plaintiff suffered and will continue to suffer in the future, damage to his reputation, mental pain and suffering, embarrassment, humiliation, disgrace, and injury to his good name.

**WHEREFORE**, MOORE demands judgment for damages against DUNN exemplary damages, cost of this action, and such other and further relief as the Court deems appropriate.

## COUNT XII
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS
(AGAINST CLUTTER)

118.    MOORE re-alleges and incorporates herein by reference the allegations set forth in paragraphs 1 through 28 of this Complaint.

119.    On JANUARY 26, 2012, CLUTTER willfully and unlawfully entered into the residence of MOORE.

120.    CLUTTER was not authorized, licensed or invited to enter onto into MOORE'S residence.

121.    CLUTTER had notice that they were not authorized to enter MOORE'S residence, in part but not limited to the fact that MOORE specifically told CLUTTER he was not allowed to enter into his residence.

122.    MOORE did not provide consent, permission or authorization to CLUTTER to enter into his residence.

123.     CLUTTER'S conduct was intentional, reckless, and outrageous in that he intended his actions and knew that his actions would likely cause the Plaintiff emotional distress.

124.     CLUTTER entered MOORE'S property to see if EGER'S girlfriend was inside of MOORE'S home.

125.     CLUTTER'S abuse of authority as a police officer and intimidation used to enter MOORE'S home is outrageous.

126.     CLUTTER'S conduct of entering into and searching the residence of MOORE was outrageous, beyond all bounds of decency, atrocious and utterly intolerable in a civilized community in which law enforcement officers are to protect and serve and not abuse their power for personal gain.

127.     The conduct of CLUTTER caused emotional distress to MOORE.

128.     As a direct and proximate result of the actions by CLUTTER the Plaintiff suffered and will continue to suffer in the future, damage to his reputation, mental pain and suffering, embarrassment, humiliation, disgrace, and injury to his good name.

**WHEREFORE**, MOORE demands judgment for damages against CLUTTER exemplary damages, cost of this action, and such other and further relief as the Court deems appropriate.

## FEDERAL CONSTITUTIONAL CLAIMS

### COUNT XIII
### 42 U.S.C. §§ 1981, 1983 & 1988
### VIOLATION OF THE FOURTH AMENDMENT TO THE U.S. CONSTITUTION BY UNLAWFULLY ENTERING INTO THE RESIDENCE OF MOORE ABSENT PROBABLE CAUSE, EXIGENT CIRCUMSTANCES OR WARRANT
(AGAINST OTERO)

129.     MOORE re-alleges and incorporates herein by reference the allegations set forth in paragraphs 1 through 28 of this Complaint.

130.     OTERO is a police officer employed by the SEMINOLE COUNTY SHERIFF'S OFFICE.

131.    The Fourth Amendment to the United States Constitution is violated when a police officer enters the home (a) without a warrant, or (b) absent probable cause and exigent circumstances.

132.    On JANUARY 26, 2012, OTERO abused his position as a law enforcement officer and entered into the residence of MOORE without a warrant, exigent circumstances, or MOORE'S permission.

133.    MOORE has retained the undersigned counsel to bring this actions under 42 U.S.C. §1981 and §1983 and is entitled to recover a reasonable fee for said counsel, from OTERO pursuant to 42 U.S.C. §1988.

134.    OTERO intentionally entered MOORE'S home for the sole purpose of looking for EGER'S girlfriend Lauren and intentionally disregarded MOORE'S Fourth Amendment right to be free from unlawful police entry into MOORE'S residence.

135.    MOORE suffered injuries and special damages as alleged in this Complaint and is entitled to relief under 42 U.S.C. §§ 1981 and 1983.  These damages include but are not limited to: the violation of MOORE'S Federal Constitutional rights, a deprivation of liberty, humiliation, physical inconvenience, pain and suffering, emotional damage, mental suffering and anguish and all other damages associated with this constitutional violation.

**WHEREFORE**, MOORE demands judgment for damages against OTERO, exemplary damages, cost of this action, and such other and further relief as the Court deems appropriate. Further, MOORE seeks an award of punitive damages to punish OTERO for his conduct, which would deter him and others from such conduct in the future.

**COUNT XIV**
**42 U.S.C. §§ 1981, 1983 & 1988**
**VIOLATION OF THE FOURTH AMENDMENT TO THE U.S. CONSTITUTION BY UNLAWFULLY ENTERING INTO THE RESIDENCE OF MOORE ABSENT PROBABLE CAUSE, EXIGENT CIRCUMSTANCES OR WARRANT**
(AGAINST EGER)

136.    MOORE re-alleges and incorporates herein by reference the allegations set forth in paragraphs 1 through 28 of this Complaint.

137.    EGER is a police officer employed by the SEMINOLE COUNTY SHERIFF'S OFFICE.

138.    The Fourth Amendment to the United States Constitution is violated when a police officer enters the home (a) without a warrant, or (b) absent probable cause and exigent circumstances.

139.    On JANUARY 26, 2012, EGER abused his position as a law enforcement officer and entered into the residence of MOORE without a warrant, exigent circumstances, or MOORE'S permission.

140.    MOORE has retained the undersigned counsel to bring this actions under 42 U.S.C. §1981 and §1983 and is entitled to recover a reasonable fee for said counsel, from EGER pursuant to 42 U.S.C. §1988.

141.    EGER intentionally entered MOORE'S home for the sole purpose of looking for EGER'S girlfriend Lauren and intentionally disregarded MOORE'S Fourth Amendment right to be free from unlawful police entry into MOORE'S residence.

142.    MOORE suffered injuries and special damages as alleged in this Complaint and is entitled to relief under 42 U.S.C. §§ 1981 and 1983.  These damages include but are not limited to: the violation of MOORE'S Federal Constitutional rights, a deprivation of liberty, humiliation, physical inconvenience, pain and suffering, emotional damage, mental suffering and anguish and all other damages associated with this constitutional violation.

**WHEREFORE**, MOORE demands judgment for damages against EGER, exemplary damages, cost of this action, and such other and further relief as the Court deems appropriate.

Further, MOORE seeks an award of punitive damages to punish EGER for his conduct, which would deter him and others from such conduct in the future.

**COUNT XV**
**42 U.S.C. §§ 1981, 1983 & 1988**
**VIOLATION OF THE FOURTH AMENDMENT TO THE U.S. CONSTITUTION BY UNLAWFULLY ENTERING INTO THE RESIDENCE OF MOORE ABSENT PROBABLE CAUSE, EXIGENT CIRCUMSTANCES OR WARRANT**
(AGAINST DUNN)

143.     MOORE re-alleges and incorporates herein by reference the allegations set forth in paragraphs 1 through 28 of this Complaint.

144.     DUNN is a police officer employed by the SEMINOLE COUNTY SHERIFF'S OFFICE.

145.     The Fourth Amendment to the United States Constitution is violated when a police officer enters the home (a) without a warrant, or (b) absent probable cause and exigent circumstances.

146.     On JANUARY 26, 2012, DUNN abused his position as a law enforcement officer and entered into the residence of MOORE without a warrant, exigent circumstances, or MOORE'S permission.

147.     MOORE has retained the undersigned counsel to bring this actions under 42 U.S.C. §1981 and §1983 and is entitled to recover a reasonable fee for said counsel, from DUNN pursuant to 42 U.S.C. §1988.

148.     DUNN intentionally entered MOORE'S home for the sole purpose of looking for EGER'S girlfriend Lauren and intentionally disregarded MOORE'S Fourth Amendment right to be free from unlawful police entry into MOORE'S residence.

149.     MOORE suffered injuries and special damages as alleged in this Complaint and is entitled to relief under 42 U.S.C. §§ 1981 and 1983. These damages include but are not limited to: the violation of MOORE'S Federal Constitutional rights, a deprivation of liberty, humiliation,

physical inconvenience, pain and suffering, emotional damage, mental suffering and anguish and all other damages associated with this constitutional violation.

**WHEREFORE**, MOORE demands judgment for damages against DUNN, exemplary damages, cost of this action, and such other and further relief as the Court deems appropriate. Further, MOORE seeks an award of punitive damages to punish DUNN for his conduct, which would deter him and others from such conduct in the future.

**COUNT XVI**
**42 U.S.C. §§ 1981, 1983 & 1988**
**VIOLATION OF THE FOURTH AMENDMENT TO THE U.S. CONSTITUTION BY UNLAWFULLY ENTERING INTO THE RESIDENCE OF MOORE ABSENT PROBABLE CAUSE, EXIGENT CIRCUMSTANCES OR WARRANT**
(AGAINST CLUTTER)

150.    MOORE re-alleges and incorporates herein by reference the allegations set forth in paragraphs 1 through 28 of this Complaint.

151.    CLUTTER is a police officer employed by the SEMINOLE COUNTY SHERIFF'S OFFICE.

152.    The Fourth Amendment to the United States Constitution is violated when a police officer enters the home (a) without a warrant, or (b) absent probable cause and exigent circumstances.

153.    On JANUARY 26, 2012, CLUTTER abused his position as a law enforcement officer and entered into the residence of MOORE without a warrant, exigent circumstances, or MOORE'S permission.

154.    MOORE has retained the undersigned counsel to bring this actions under 42 U.S.C. §1981 and §1983 and is entitled to recover a reasonable fee for said counsel, from CLUTTER pursuant to 42 U.S.C. §1988.

155.    CLUTTER intentionally entered MOORE'S home for the sole purpose of looking for EGER'S girlfriend Lauren and intentionally disregarded MOORE'S Fourth Amendment right to be free from unlawful police entry into MOORE'S residence.

156.   MOORE suffered injuries and special damages as alleged in this Complaint and is entitled to relief under 42 U.S.C. §§ 1981 and 1983.  These damages include but are not limited to: the violation of MOORE'S Federal Constitutional rights, a deprivation of liberty, humiliation, physical inconvenience, pain and suffering, emotional damage, mental suffering and anguish and all other damages associated with this constitutional violation.

**WHEREFORE**, MOORE demands judgment for damages against CLUTTER, exemplary damages, cost of this action, and such other and further relief as the Court deems appropriate. Further, MOORE seeks an award of punitive damages to punish CLUTTER for his conduct, which would deter him and others from such conduct in the future.

### COUNT XVII
### 42 U.S.C. §§ 1981, 1983 & 1988
### UNLAWFUL SEARCH OF RESIDENCE OF MOORE IN VIOLATION OF THE FOURTH AMENDMENT TO THE U.S. CONSTITUTION
(AGAINST OTERO)

157.   MOORE re-alleges and incorporates herein by reference the allegations set forth in paragraphs 1 through 28 of this Complaint.

158.   OTERO is a police officer employed by the SEMINOLE COUNTY SHERIFF'S OFFICE.

159.   On or about January 26, 2012, OTERO, acting in his individual capacity while employed by SEMINOLE COUNTY SHERIFF'S OFFICE, deprived MOORE of his rights under the Fourth Amendment to the United States Constitution, in violation of 42 U.S.C. §1981, in that OTERO seized and searched the residence of MOORE in the absence of a warrant, exigent circumstances, or MOORE'S permission.

160.   OTERO abused his position as a law enforcement officer to search MOORE'S apartment for the sole purpose of looking for EGER'S girlfriend Lauren.

161.   MOORE has retained the undersigned counsel to bring this actions under 42 U.S.C. §1981 and §1983 and is entitled to recover a reasonable fee for said counsel, from OTERO pursuant to 42 U.S.C. §1988.

162.     MOORE has the right under the United States Constitution to the full and equal benefit of all laws and proceedings for the security of persons, including the right to be free from unreasonable seizures.

163.     MOORE suffered serious personal injuries and special damages as alleged in this Complaint and is entitled to relief under 42 U.S.C. §§ 1981 and 1983.  These damages include but are not limited to: the violation of MOORE'S Federal Constitutional rights, a deprivation of liberty, humiliation, physical inconvenience, pain and suffering, emotional damage, mental suffering and anguish, and all other damages associated with this intrusion.

**WHEREFORE**, MOORE demands judgment for damages against OTERO, exemplary damages, cost of this action, and such other and further relief as the Court deems appropriate. Further, MOORE seeks an award of punitive damages to punish OTERO for his conduct, which would deter him and others from such conduct in the future.

### COUNT XVIII
### 42 U.S.C. §§ 1981, 1983 & 1988
### UNLAWFUL SEARCH OF RESIDENCE OF MOORE IN VIOLATION OF THE FOURTH AMENDMENT TO THE U.S. CONSTITUTION
(AGAINST EGER)

164.     MOORE re-alleges and incorporates herein by reference the allegations set forth in paragraphs 1 through 28 of this Complaint.

165.     EGER is a police officer employed by the SEMINOLE COUNTY SHERIFF'S OFFICE.

166.     On or about January 26, 2012, EGER, acting in his individual capacity while employed by SEMINOLE COUNTY SHERIFF'S OFFICE, deprived MOORE of his rights under the Fourth Amendment to the United States Constitution, in violation of 42 U.S.C. §1981, in that EGER seized and searched the residence of MOORE in the absence of a warrant, exigent circumstances, or MOORE'S permission.

167.     EGER abused his position as a law enforcement officer to search MOORE'S apartment for the sole purpose of looking for EGER'S girlfriend Lauren.

168.     MOORE has retained the undersigned counsel to bring this actions under 42 U.S.C. §1981 and §1983 and is entitled to recover a reasonable fee for said counsel, from EGER pursuant to 42 U.S.C. §1988.

169.     MOORE has the right under the United States Constitution to the full and equal benefit of all laws and proceedings for the security of persons, including the right to be free from unreasonable seizures.

170.     MOORE suffered serious personal injuries and special damages as alleged in this Complaint and is entitled to relief under 42 U.S.C. §§ 1981 and 1983. These damages include but are not limited to: the violation of MOORE'S Federal Constitutional rights, a deprivation of liberty, humiliation, physical inconvenience, pain and suffering, emotional damage, mental suffering and anguish, and all other damages associated with this intrusion.

**WHEREFORE**, MOORE demands judgment for damages against EGER, exemplary damages, cost of this action, and such other and further relief as the Court deems appropriate. Further, MOORE seeks an award of punitive damages to punish EGER for his conduct, which would deter him and others from such conduct in the future.

### COUNT XIX
### 42 U.S.C. §§ 1981, 1983 & 1988
### UNLAWFUL SEARCH OF RESIDENCE OF MOORE IN VIOLATION OF THE
### FOURTH AMENDMENT TO THE U.S. CONSTITUTION
(AGAINST DUNN)

171.     MOORE re-alleges and incorporates herein by reference the allegations set forth in paragraphs 1 through 28 of this Complaint.

172.     DUNN is a police officer employed by the SEMINOLE COUNTY SHERIFF'S OFFICE.

173.     On or about January 26, 2012, DUNN, acting in his individual capacity while employed by SEMINOLE COUNTY SHERIFF'S OFFICE, deprived MOORE of his rights under the Fourth Amendment to the United States Constitution, in violation of 42 U.S.C. §1981, in that

DUNN seized and searched the residence of MOORE in the absence of a warrant, exigent circumstances, or MOORE'S permission.

174.    DUNN abused his position as a law enforcement officer to search MOORE'S apartment for the sole purpose of looking for EGER'S girlfriend Lauren.

175.    MOORE has retained the undersigned counsel to bring this actions under 42 U.S.C. §1981 and §1983 and is entitled to recover a reasonable fee for said counsel, from DUNN pursuant to 42 U.S.C. §1988.

176.    MOORE has the right under the United States Constitution to the full and equal benefit of all laws and proceedings for the security of persons, including the right to be free from unreasonable seizures.

177.    MOORE suffered serious personal injuries and special damages as alleged in this Complaint and is entitled to relief under 42 U.S.C. §§ 1981 and 1983.  These damages include but are not limited to: the violation of MOORE'S Federal Constitutional rights, a deprivation of liberty, humiliation, physical inconvenience, pain and suffering, emotional damage, mental suffering and anguish, and all other damages associated with this intrusion.

**WHEREFORE**, MOORE demands judgment for damages against DUNN, exemplary damages, cost of this action, and such other and further relief as the Court deems appropriate. Further, MOORE seeks an award of punitive damages to punish DUNN for his conduct, which would deter him and others from such conduct in the future.

<u>**COUNT XX**</u>
<u>**42 U.S.C. §§ 1981, 1983 & 1988**</u>
<u>**UNLAWFUL SEARCH OF RESIDENCE OF MOORE IN VIOLATION OF THE**</u>
<u>**FOURTH AMENDMENT TO THE U.S. CONSTITUTION**</u>
(AGAINST CLUTTER)

178.    MOORE re-alleges and incorporates herein by reference the allegations set forth in paragraphs 1 through 28 of this Complaint.

179.    CLUTTER is a police officer employed by the SEMINOLE COUNTY SHERIFF'S OFFICE.

180.    On or about January 26, 2012, CLUTTER, acting in his individual capacity while employed by SEMINOLE COUNTY SHERIFF'S OFFICE, deprived MOORE of his rights under the Fourth Amendment to the United States Constitution, in violation of 42 U.S.C. §1981, in that CLUTTER seized and searched the residence of MOORE in the absence of a warrant, exigent circumstances, or MOORE'S permission.

181.    CLUTTER abused his position as a law enforcement officer to search MOORE'S apartment for the sole purpose of looking for EGER'S girlfriend Lauren.

182.    MOORE has retained the undersigned counsel to bring this actions under 42 U.S.C. §1981 and §1983 and is entitled to recover a reasonable fee for said counsel, from CLUTTER pursuant to 42 U.S.C. §1988.

183.    MOORE has the right under the United States Constitution to the full and equal benefit of all laws and proceedings for the security of persons, including the right to be free from unreasonable seizures.

184.    MOORE suffered serious personal injuries and special damages as alleged in this Complaint and is entitled to relief under 42 U.S.C. §§ 1981 and 1983.  These damages include but are not limited to: the violation of MOORE'S Federal Constitutional rights, a deprivation of liberty, humiliation, physical inconvenience, pain and suffering, emotional damage, mental suffering and anguish, and all other damages associated with this intrusion.

**WHEREFORE**, MOORE demands judgment for damages against CLUTTER, exemplary damages, cost of this action, and such other and further relief as the Court deems appropriate. Further, MOORE seeks an award of punitive damages to punish CLUTTER for his conduct, which would deter him and others from such conduct in the future.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury of all issues so triable.

Dated this 30th day of March, 2016.

_____/s/ Bradley N. Laurent_____
**BRADLEY N. LAURENT, ESQ.**
Florida Bar Number: 0010530
5401 S. Kirkman Road, Suite 620
Orlando, Florida 32819
Telephone: (407) 246-0077
Facsimile: (407) 246-0078
Email:  bnl@fighting4ulaw.com
Attorney for PLAINTIFF

## <u>CERTIFICATE OF SERVICE</u>

**I HEREBY CERTIFY** that a true copy of the foregoing document was electronically filed on this 30th day of March, 2016, using the CM/ECF System, that will automatically send an electronic mail to: D. Andrew DeBevoise, Esq. (debevoise@debevoisepoulton.com); and Thomas W. Poulton, Esq. (poulton@debevoisepoulton.com).

_____/s/ Bradley N. Laurent_____
**BRADLEY N. LAURENT, ESQ.**
Florida Bar Number: 0010530
5401 S. Kirkman Road, Suite 620
Orlando, Florida 32819
Telephone: (407) 246-0077
Facsimile: (407) 246-0078
Email:  bnl@fighting4ulaw.com
Attorney for PLAINTIFF