# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

ELVAN MOORE,

    Plaintiff,

v.                                           Case No: 6:16-cv-303-Orl-28GJK

ANTHONY EGER and WILLIAM DUNN,

    Defendants.

---

## ORDER

On November 21, 2018, Plaintiff Elvan Moore filed a Motion for Reconsideration of the Court's October 20, 2017 Order Denying Plaintiff's Motion for Summary Judgment (Doc. 78). Defendants Deputy Anthony Eger and Deputy William Dunn responded on November 28, 2018 (Doc. 80). Moore argues that the Eleventh Circuit's affirmance (Doc. 75) of this Court's denial of Defendants' Motion for Summary Judgment (Doc. 69) now requires this Court to grant Moore's previously-denied Motion for Summary Judgment. Defendants disagree, arguing that the Eleventh Circuit's decision does not alter this Court's prior holding that disputed material facts preclude summary judgment for either side. Defendants are correct.

Generally, there are three grounds that justify reconsideration of an order: "(1) an intervening change in controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or manifest injustice." True v. Comm'r, 108 F. Supp. 2d 1361, 1365 (M.D. Fla. 2000) (citations omitted). Under no circumstances should a party attempt to use a motion for reconsideration as a vehicle to litigate issues previously considered by the Court. See PaineWebber Income Props. Three Ltd. P'ship v. Mobile Oil Corp., 902 F.

Supp. 1514, 1521 (M.D. Fla. 1995) ("A motion for reconsideration should raise new issues, not merely readdress issues litigated previously.") (citation omitted).

Moore argues that the Eleventh Circuit found that Defendants violated Moore's constitutional rights and that therefore this Court must find for him on the merits and hold a trial on damages alone. Specifically, Moore argues that the Eleventh Circuit found that no exigent circumstances existed, that Defendants' entry into Moore's home violated his Fourth Amendment rights, and that resolution of factual disputes on these issues by a jury is no longer necessary. Not so. The Eleventh Circuit explicitly noted that disputed facts pervade this case. The "Background" section of the Eleventh Circuit's opinion opens with the following two sentences: "Moore and the defendant officers gave conflicting accounts of the events underlying this case. We thus note at the outset that [i]n conducting *de novo* review of the district court's disposition of a summary judgment motion based on qualified immunity, we are required to resolve all issues of material fact in favor of the plaintiff." (Doc. 75 at 3 (internal quotation marks and citation omitted)).[1] Because of the stage of the litigation, the Eleventh Circuit had to resolve all factual disputes in favor of Moore in reviewing this Court's summary judgment rulings, but those factual disputes did not disappear when the case returned to this Court on remand.

And even if the Eleventh Circuit had resolved the factual disputes regarding the exigent circumstances issue—which it did not—the "contested facts regarding the issue of consent to entry preclude summary judgment in favor of Moore." (Doc. 69 at 12). Moore has not shown that he is entitled to the "extraordinary remedy" of reconsideration. Am.

---

[1] Moore v. Sheriff of Seminole Cty., Fla., No. 17-14779, 2018 WL 4182120, at *1 (11th Cir. Aug. 30, 2018).

2

Ass'n of People With Disabilities v. Hood, 278 F. Supp. 2d 1337, 1339 (M.D. Fla. 2003). The Court will thus not revisit its prior ruling in this case.

Accordingly, Moore's Motion for Reconsideration of the Court's October 20, 2017 Order Denying Plaintiff's Motion for Summary Judgment (Doc. 78) is **DENIED**.

**DONE** and **ORDERED** on December 11, 2018.

JOHN ANTOON II
United States District Judge

Copies furnished to:
Counsel of Record
Unrepresented Parties